IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG LEE, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
| v.   ) | JURY TRIAL DEMANDED |
| ) | |
| ROBERT JAMES & ASSOCIATES ) | |
| ASSET MANAGEMENT INC. d/b/a ) | |
| ROBERT JAMES & ASSOCIATES ) | |
| INC., ) | |
| ) | |
|        Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, CRAIG LEE, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, ROBERT JAMES & ASSOCIATES ASSET MANAGEMENT INC. d/b/a ROBERT JAMES & ASSOCIATES INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

1

4. CRAIG LEE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Charles, County of St. Charles, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. ROBERT JAMES & ASSOCIATES ASSET MANAGEMENT INC. d/b/a ROBERT JAMES & ASSOCIATES INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of New York.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

13.     On or about December 19, 2011, Defendant initiated a telephone call to Plaintiff in an attempt to collect a debt he allegedly owed.

14.     On or about December 19, 2011, Defendant left a voicemail message for Plaintiff wherein Defendant stated that it was calling Plaintiff relative to a debt he owed.

15.     In the aforesaid voicemail message, Defendant further stated that Plaintiff had defrauded a bank.

16.     Defendant further told Plaintiff that he was facing serious charges as a result of engaging in bank fraud.

17.     Defendant informed Plaintiff that if he failed to pay the debt he owed then a lien would be placed on Plaintiff's home.

18.     Defendant further informed Plaintiff that if he failed to pay the debt he owed then Defendant would seize Plaintiff's tax refund.

19.     Defendant then left a telephone number at which Plaintiff was to contact Defendant.

20.     Plaintiff heard the aforesaid voicemail message.

21.     The aforesaid voicemail message was Defendant's initial communication with Plaintiff relative to the debt he allegedly owed on which Defendant was attempting to collect.

22.     Defendant's representations to Plaintiff, during the course of the aforesaid voicemail message, that Plaintiff had defrauded a bank and was facing serious charges, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff had

engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

23. Plaintiff has not engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

24. Defendant's representation that Plaintiff had defrauded a bank was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

25. Defendant's representation that Plaintiff had defrauded a bank relative to the debt on which it was attempting to collect misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect.

26. Defendant's representations that Plaintiff had defrauded a bank and was facing serious charges were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

27. At the time Defendant made the aforementioned threat to place a lien on Plaintiff's home, during the course of the aforesaid voicemail message, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

28. At the time Defendant made the aforementioned threat to place a lien on Plaintiff's home, during the course of the aforesaid voicemail message,  no judgment had been entered against Plaintiff for the debt he allegedly owed.

29. The debt allegedly owed by Plaintiff is not a debt on which Defendant could secure a lien on Plaintiff's home without Defendant first having secured a judgment against Plaintiff for the alleged debt.

4

30. Defendant's representation to Plaintiff that it would place a lien on Plaintiff's home was false, deceptive and/or misleading given that at the time Defendant made the aforesaid representation Defendant had neither the power nor the authority to place a lien on Plaintiff's home.

31. Defendant's representation to Plaintiff that it would place a lien on Plaintiff's home if he failed to pay the debt he allegedly owed was a statement made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

32. Defendant has no power or authority to seize Plaintiff's income tax refund.

33. Defendant's representation to Plaintiff, during the course of the aforesaid voicemail message, that it would seize his income tax refund if he failed to pay the debt he allegedly owed, was false, deceptive and/or misleading given that Defendant had neither the power nor the authority to collect Plaintiff's income tax refund.

34. Defendant's representation to Plaintiff that it would seize Plaintiff's income tax refund if he failed to pay the debt he allegedly owed was a statement made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

35. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

36. In December 2011, subsequent to Plaintiff having heard the aforesaid voicemail message, Plaintiff initiated a telephone call to Defendant at the telephone number which Defendant informed Plaintiff to call.

37. During the course of the aforesaid telephone call, Defendant's duly authorized representative identified herself as an "Agent."

38. Plaintiff then engaged in a telephone conversation with Defendant's duly authorized representative wherein Defendant told Plaintiff that he had to pay the debt on which Defendant was attempting to collect.

39. Plaintiff informed Defendant that he did not have sufficient funds to pay the debt he allegedly owed in full but that he would be willing to enter into a payment agreement with Defendant.

40. Plaintiff then offered to make monthly payments to Defendant relative to the debt he allegedly owed.

41. Defendant's duly authorized representative then informed Plaintiff that she would need to obtain approval from her supervisor to allow Plaintiff to enter into a payment plan.

42. During the course of the aforesaid telephone call, another duly authorized representative of Defendant who identified himself as a supervisor then engaged in a telephone conversation with Defendant.

43. Plaintiff then reiterated to Defendant that he wanted to make monthly payments relative to the debt he allegedly owed.

44. Defendant's duly authorized representative, who identified himself as a supervisor, responded to Plaintiff by stating that it would not accept monthly payments from Plaintiff.

45. Defendant told Plaintiff that he had to pay the debt in full.

46. Defendant then informed Plaintiff that if he did not pay the debt in full then Defendant would place a lien on Plaintiff's home.

6

47. Again, at the time Defendant made the aforementioned threat to place a lien on Plaintiff's home, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

48. Again, at the time Defendant made the aforementioned threat to place a lien on Plaintiff's home, no judgment had been entered against Plaintiff for the debt he allegedly owed.

49. Defendant's representation to Plaintiff that it would place a lien on Plaintiff's home was, again, false, deceptive and/or misleading given that at the time Defendant made the aforesaid representation Defendant had neither the power nor the authority to place a lien on Plaintiff's home.

50. Defendant's representation to Plaintiff that it would place a lien on Plaintiff's home if he failed to pay the debt he allegedly owed was a statement made by Defendant to Plaintiff in a further attempt to coerce Plaintiff into making a payment to Defendant.

51. During the course of the aforesaid telephone call, Defendant also told Plaintiff that if he did not pay the debt then Defendant would garnish his bank account.

52. At the time Defendant made the aforementioned threat to garnish Plaintiff's bank account, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

53. At the time Defendant made the aforementioned threat to garnish Plaintiff's bank account, no judgment had been entered against Plaintiff for the debt he allegedly owed.

54. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

55. Defendant's representation to Plaintiff that it would garnish Plaintiff's bank account was false, deceptive and/or misleading given that at the time Defendant made the aforesaid representation Defendant had neither the power nor the authority to garnish Plaintiff's bank account.

7

56. Defendant's representation to Plaintiff that it would garnish Plaintiff's bank account if he failed to pay the debt he allegedly owed was a statement made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

57. During the course of the aforesaid telephone call, Defendant also informed Plaintiff that if he did not pay the debt in full then Defendant would seize Plaintiff's income tax refund.

58. Again, Defendant's representation to Plaintiff that it would seize his income tax refund if he failed to pay the debt he allegedly owed was false, deceptive and/or misleading given that Defendant had neither the power nor the authority to collect Plaintiff's income tax refund.

59. Again, Defendant's representation to Plaintiff that it would seize Plaintiff's income tax refund if he failed to pay the debt he allegedly owed was a statement made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

60. During the course of the aforesaid telephone call, Defendant told Plaintiff that if he did not pay the debt in full by the end of the day then the next day Plaintiff would be served with a lawsuit.

61. During the course of the aforesaid telephone call, Plaintiff did not make a payment to Defendant relative to the debt on which Defendant was attempting to collect.

62. To date, Plaintiff has not made a payment to Defendant relative to the debt on which it was attempting to collect.

63. Despite Defendant's representation to Plaintiff, in December 2011, that if Plaintiff did not pay the debt in full then the next day Plaintiff would be served with a lawsuit, Plaintiff

8

was not served with a lawsuit the next day after having the aforesaid telephone conversation with Defendant.

64. Defendant's representation to Plaintiff, in December 2011, that Defendant would serve Plaintiff with a lawsuit if he failed to pay the debt on which Defendant was attempting to collect was false, deceptive and/or misleading given that despite Plaintiff not having paid the debt he allegedly owed no lawsuit has been served upon Plaintiff relative to the debt on which Defendant was attempting to collect.

65. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

66. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

67. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

68. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

69. Defendant's statements during its communications with Plaintiff, as delineated above, were neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

70. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

71. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

72. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

73. Defendant's duly authorized representative's statement that she was an "Agent" in conjunction with the statements Defendant made to Plaintiff during the aforesaid telephone call, as delineated above, had the effect of conveying to an unsophisticated consumer that Defendant was affiliated with and/or an agent of a police and/or governmental body.

74. Defendant has neither an affiliation with a police and/or governmental body nor is Defendant an agent of a police and/or governmental body.

75. Defendant's duly authorized representative's statement that she was an "Agent" was false, deceptive and/or misleading given that Defendant's duly authorized representative was not an "Agent" of a police and/or governmental body.

76. On or about January 5, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect a debt he allegedly owed and left Plaintiff a voicemail message.

77. During the course of the aforesaid voicemail message, Defendant's duly authorized representative stated she was calling from Defendant regarding a civil suit that was placed in her office.

78. Defendant then informed Plaintiff it had to verify his address.

79. Defendant then left Plaintiff's residential address on the voicemail message.

80. Defendant then left its telephone number for Plaintiff to contact Defendant.

81. At no time during the course of the aforesaid voicemail message did Defendant state it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

82. Defendant's representation that a civil suit had been placed in its office had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

83. Defendant's representation that it had to verify Plaintiff's address, in conjunction with providing Plaintiff with his residential address, had the effect of conveying to an unsophisticated consumer that Defendant was going to be serving Plaintiff with a lawsuit that had been filed against him.

84. At the time Defendant made the aforesaid representations, no lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect.

85. Defendant's representations that a lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations no lawsuit had been filed against Plaintiff with respect to the debt he allegedly owed.

86. Defendant's representations that a lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that at the time Defendant made the aforesaid representations no lawsuit had been filed against Plaintiff with respect to the debt he allegedly owed.

87. On or prior to January 16, 2012, Plaintiff retained counsel to represent him with respect to the debt on which Defendant was attempting to collect from Plaintiff.

88. On or about January 16, 2012, Plaintiff's counsel sent a correspondence to Defendant. (See a true and  exact copy of said correspondence, dated January 16, 2012, attached hereto as **Exhibit A**).

89. In the correspondence Plaintiff's counsel sent to Defendant, dated January 16, 2012, Plaintiff's counsel informed Defendant that it had been retained to represent Plaintiff with respect to any and all debts that Defendant had been attempting to collect from Plaintiff.

90. In the correspondence Plaintiff's counsel sent to Defendant, dated January 16, 2012, Plaintiff's counsel, for and on behalf of Plaintiff, informed Defendant to cease and desist from all further communications with Plaintiff.

91. In the correspondence Plaintiff's counsel sent to Defendant, dated January 16, 2012, Plaintiff's counsel provided Defendant with Plaintiff's counsel's name.

92. In the correspondence Plaintiff's counsel sent to Defendant, dated January 16, 2012, Plaintiff's counsel provided Defendant with Plaintiff's counsel's contact information.

93. Upon information and belief, Defendant received the aforesaid correspondence, dated January 16, 2012.

94. Upon information and belief, prior to February 1, 2012, Defendant had received the correspondence sent by Plaintiff's counsel to Defendant, dated January 16, 2012.

95. Prior to February 1, 2012, Defendant was advised that Plaintiff was represented by counsel with respect to the debt on which Defendant was attempting to collect from Plaintiff.

96. Despite Defendant having been advised that Plaintiff was represented by counsel with respect to the debt on which Defendant was attempting to collect, on or about February 1, 2012, Defendant communicated with Plaintiff in a further attempt to collect the debt he allegedly owed.

97. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

98. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

99. On or about February 1, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect a debt he allegedly owed and left Plaintiff a voicemail message.

100. During the course of the aforesaid voicemail message, Defendant stated that its loss mitigation specialists were conducting a full review of Plaintiff's file.

101. Defendant further informed Plaintiff that his file had been escalated to Defendant's final review department.

102. Defendant then stated that Plaintiff was to immediately contact Defendant to provide a personal statement to Defendant.

103. At no time during the course of the aforesaid voicemail message did Defendant state it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

104. At no time during the course of the aforesaid voicemail message did Defendant's duly authorized representative provided Plaintiff with information relative to his individual identity.

105. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

   b. Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

   c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   d. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

f. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

g. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

i. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

k. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

m. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is there is no present right to possession of the property claimed as collateral through an enforceable security interest, if there is no present intention to take possession of the property or if  the property is exempt by law from such dispossession or disablement in violation of 15 U.S.C. §1692f(6);

n. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

o. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

106. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

107. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CRAIG LEE, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CRAIG LEE**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: March 23, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us

15